UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ENJOLI STIPE**                                              **CIVIL ACTION**

**VERSUS**                                                    **NO. 15-2515**

**MICHAEL TREGRE, ET AL.**                                    **SECTION "B"(2)**

ORDER AND REASONS

**I.   NATURE OF MOTION AND RELIEF SOUGHT**

Before the Court is Defendants', Sheriff Michael Tregre and Deputy Steven Dailey,[1] ("Defendants") Motion to Strike several paragraphs and allegations from Plaintiff's Petition for Damages and Amended Petition for Damages under Federal Rule of Civil Procedure 12(f). (Rec. Doc. 4). Plaintiff opposes the instant motion. (Rec. Doc. 5).

**II.  FACTS AND PROCEDURAL HISTORY**

Plaintiff, Enjoli Stipe, is a citizen of the State of Louisiana. (Rec. Doc. 1-1 at 2). Defendant Michael Tregre is the Chief Law Enforcement Officer of St. John the Baptist Parish Sheriff's Office and the employer of Defendant Steven Dailey, an Officer of St. John the Baptist Parish Sheriff's Office. (Rec. Doc. 1-1 at 2). Both Defendants are citizens of Louisiana. (Rec. Doc. 1-1 at 2). Also made Defendant is the unnamed insurance provider for St. John the Baptist Parish. (Rec. Doc. 1-1 at 2).

---
[1] Steven Dailey was erroneously identified as Steven Daley by both Plaintiff and Defendants.

1

Plaintiff filed the instant suit in the 40th Judicial District Court for the Parish of St. John the Baptist on June 3, 2015, alleging in her original petition a cause of action against Defendant Dailey based on intentional infliction of emotional distress under La. Civ. Code art. 2315 (Rec. Doc. 1-1 at 6) and causes of action against Defendant Tregre based on failure to conduct a fair and impartial trial and vicarious liability for the intentional infliction of emotional distress pursuant to La. Civ. Code art. 2320. (Rec. Doc. 1-1 at 7). Plaintiff then timely filed an amended petition, alleging causes of action against Defendant Dailey personally based on the First, Fourth, and Fourteenth Amendments (Rec. Doc. 1-1 at 9) and against Defendant Tregre both personally and officially based on *Monell*, failure to train and supervise, gross negligence, deliberate indifference, and unlawful custom. (Rec. Doc. 1-1 at 10). Defendants filed a notice of removal on July 9, 2015, invoking this Court's federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (Rec. Doc. 1).

Plaintiff's original petition alleges that on May 28, 2015, she was traveling on Interstate 55, when she was pulled over by Defendant Dailey for speeding. (Rec. Doc. 1-1 at 3). Plaintiff alleges that she told Defendant Dailey that she intended to call his supervisor as she was not speeding, and in response, Defendant Dailey pointed a weapon at her, threatened to shoot,

2

and also attempted to force down the vehicle window. (Rec. Doc. 1-1 at 3). Plaintiff alleges that she complied with Defendant Dailey's request for information and that Defendant Dailey stated, "Next time you don't tell me that you are going to call my supervisor. You just shut up, and give me what I asked for." (Rec. Doc. 1-1 at 4).

Plaintiff further alleges that she met with the Public Integrity Bureau Captain for St. John the Baptist Parish Sheriff's Office, Captain CJ Destor, on June 2, 2015. (Rec. Doc. 1-1 at 4). Plaintiff alleges that Captain Destor refused to investigate Defendant Dailey absent Plaintiff's participation in a polygraph test. (Rec. Doc. 1-1 at 5). Plaintiff alleges that actions such as those taken by Defendant Dailey and Captain Destor could be prevented if Defendant Tregre adopted certain policies and procedures that could protect citizens during routine traffic stops. (Rec. Doc. 1-1 at 6).

Defendants move to strike portions of Plaintiff's Petition for Damages and Amended Petition for Damages under Fed. R. Civ. P. 12(f). For the reasons that follow, **IT IS ORDERED** that Defendants' Motion is **DENIED.**

### III. CONTENTIONS OF MOVANT

Defendants allege that Plaintiff's Petition for Damages and Amended Petition for Damages contain allegations which are redundant, immaterial, impertinent, scandalous, prejudicial to

3

Defendants, and have no relation to the material issues in this case. As such, Defendants argue that the paragraphs containing those allegations should be stricken from the record pleadings.

**IV. CONTENTIONS OF OPPONENTS**

In opposition to the Motion to Strike, Plaintiff argues that all allegations are particular, relevant, and underscore the basis of the causes of action she has brought in accordance with both state and federal laws against Defendants.

**V. MOTION TO STRIKE STANDARD**

Rule 12(f) provides that the Court "may order stricken from any pleading . . . redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court is given "considerable discretion in deciding a Rule 12(f) motion[.]" *Advanced Commercial Contracting, Inc. v. Certain Underwriters at Lloyds of London*, No. 98-CV-1296, 1998 WL 373407, at *1 (E.D. La. July 2, 1998) (citing *Miller v. Grp. Voyagers, Inc.*, 912 F. Supp. 164, 168 (E.D. Pa. 1996)). Still, it is well-known that "the action of striking a pleading should be sparingly used by the courts. . . . It is a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir.

1962) (quoting *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953)).

Furthermore, "[a] disputed question of fact cannot be decided on motion to strike." *Id.* Additionally, "courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike" absent some "showing of prejudicial harm to the moving party." *Id.* When such circumstances are present, the court should "defer action on the motion and leave the sufficiency of the allegations for determination on the merits." *Id.* As such, "[a]ny doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed. 2015).

**VI. DISCUSSION**

As was already stated, a motion to strike is considered a "drastic remedy" and is "disfavored" by the courts. *Id.; see also Romero v. U.S. Unwired, Inc.*, No. 04-CV-2312, 2010 WL 672082, at *1 (E.D. La. Feb. 19, 2010); *Sadler v. Benson Motors Corp.*, No. 97-CV-1083, 1997 WL 266735, at *1 (E.D. La. May 15, 1997); *Succession of Wardlaw*, No. 94-CV-2026, 1994 WL 479183, at *1 (E.D. La. Aug. 30, 1994). Motions to strike are often viewed by the courts as "'time wasters,' and will usually be denied." *Advanced Commercial Contracting*, 1998 WL 373407, at *1 (quoting

*Ammirati v. Bonati*, No. 92-CV-1052, 1994 WL 34175, at *1 (M.D. Fla. Feb. 2, 1994)). As such, there is a presumption against granting Defendants' Motion.

In Defendants' Motion to Strike, Defendant has asserted that redundant statements should be stricken from Plaintiff's amended petition, that immaterial and impertinent statements should be stricken from Plaintiff's original petition, and that scandalous statements should be stricken from both the original and amended petitions. As will be discussed, the Defendants have failed to show that statements classified as redundant, immaterial, impertinent, and scandalous should be stricken.

### A. Redundant Statements

The Court may strike from any pleading matters which are redundant. Fed. R. Civ. P. 12(f). "Redundant matter consists of allegations that constitute a needless repetition of other averments in the pleading." *Marceaux v. Lafayette Consol. Gov't*, No. 12-CV-01532, 2012 WL 5197667, at *1 (W.D. La. Oct. 18, 2012). Redundant matter should be stricken when "the allegations are prejudicial to the defendant or immaterial to the lawsuit." *Id.* at *2 (citations omitted). "The mere presence of redundant matter, however, may not be a sufficient ground for granting a motion to strike when it does not affect the substance of the pleading." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed. 2015).

6

Defendants, to some extent, are correct in asserting that a small portion of the Plaintiff's original and amended petitions are redundant, but have failed to show how the allegations are prejudicial or immaterial. Specifically, Defendants point out that Paragraphs III, IV, XI, and XII of the Plaintiff's Amended Petition for Damages, which adopts all of the allegations of the original Petition for Damages, are the same or substantially similar to allegations already addressed in the original petition. (Rec. Doc. 4 at 3). Consequently, the complaint, which should be treated as one pleading, unnecessarily restates identical allegations. Nonetheless, it cannot be shown how such allegations have either prejudiced the Defendants or are immaterial to the lawsuit, and redundancy alone will not suffice.

First, the allegations are not prejudicial to Defendants. Defendants allege that they have been "unduly burdened and prejudiced . . . in terms of the cost to respond to such unfounded and frivolous claims" (Rec. Doc. 4 at 3), but fail to provide how removing merely the four duplicative claims might protect them from such a burden. Because Defendants will still have to respond to the allegations even if the Court orders the duplicative paragraphs stricken, no true prejudice can be shown.

Similarly, Plaintiff's repetitive allegations are not immaterial to the lawsuit. To the contrary, Plaintiff's

7

allegations are relevant to claims under both state and federal law. While Defendants are undoubtedly correct to point out the superfluous nature of Plaintiff's four allegations in the amended petition, the Court is not inclined to grant the motion based on this minor redundancy alone, in the absence of both prejudice and immateriality. Accordingly, **IT IS ORDERED** that Defendants' Motion with regard to alleged redundant statements is **DENIED.**

**B. Immaterial and Impertinent Statements**

The Court may strike from any pleading matters which are immaterial and impertinent. Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Marceaux*, 2012 WL 5197667, at *1. "Immateriality is established by showing that the challenged allegations 'can have no possible bearing upon the subject matter of the litigation.'" *Id.* (citing *Bayou Fleet P'ship, LLC v. St. Charles Parish*, No. 10–CV–1557, 2011 WL 2680686, at *5 (E.D. La. Jul. 8, 2011)). A court will not order allegations stricken "as irrelevant unless (1) there is no possible relation between the challenged portion of the pleading and the underlying controversy, *and* (2) the challenged portion of the pleading may prejudice the moving party." *Romero*, 2010 WL 672082, at *1 (citing *Curran v. Aleshire*, No. 09–CV–

2993, 2009 WL 1402034, at *1 (E.D. La. May 14, 2009)) (emphasis added).

Defendants argue that allegations detailing events preceding the traffic stop and a single occurrence with Captain Destor are irrelevant as the Plaintiff does not claim damages resulting from such allegations. Defendants have failed to prove that the allegations "have no possible bearing upon the subject matter of the litigation" and have not shown true prejudice. This analysis will address each of the allegations in part.

First, Defendants point to Paragraph XV of the original pleading, in which Plaintiff describes Defendant Dailey hitting his brakes hard, and then tapping them, prior to pulling over Plaintiff for speeding. (Rec. Doc. 4 at 4). Defendants allege that such allegations are irrelevant because there are no damages arising from those actions as Plaintiff has not alleged that Defendant Dailey caused a collision or near-collision. (Rec. Doc. 4 at 4). However, such allegations *may* be relevant to claims that the Plaintiff has alleged – namely, intentional infliction of emotional distress.

Under Louisiana law, a plaintiff may maintain an action for intentional infliction of emotional stress if they can establish "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to

9

inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *Nicholas v. Allstate Ins. Co.*, 1999-2522, p. 6 (La. 8/31/00), 765 So. 2d 1017, 1022 (citing *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991)). Although Plaintiff is likely to support this cause of action with Defendant Dailey's alleged use of his firearm, it is unclear at this early stage in the proceedings whether Plaintiff plans to use these factual allegations in support of her claim, e.g., to prove Defendant Dailey's outrageous conduct or intent. *Cf. Romero*, 2010 WL 672082, at *1 (stating that allegations should not be stricken when they might be "relevant to understanding the motivations of the individual defendants and to provide context for" the claim at issue). While it may later be determined that the factual allegations are, in truth, irrelevant, it is not appropriate for the Court to make such conclusions concerning Plaintiff's case. Additionally, this Court has not found that Plaintiff's allegations concerning Defendant Dailey's use of his brakes are prejudicial.

Second, Defendants point to Paragraphs XXXVIII through L, LXVIII, and LXVIX of the original pleading, in which Plaintiff describes an appointment with Mr. Destor, the Public Integrity Bureau Captain for St. John the Baptist Parish Sheriff's Office. (Rec. Doc. 4 at 4-5). Defendants suggest that such allegations

are irrelevant because Mr. Destor has not been made a party to this lawsuit. (Rec. Doc. 4 at 4-5). However, as long as Plaintiff's allegations have some "possible bearing upon the subject matter of the litigation," *Marceaux*, 2012 WL 5197667, at *1, it is of little import whether Mr. Destor is a named defendant.

In light of Plaintiff's claims against Defendant Tregre based on vicarious liability for intentional infliction of emotional distress, *Monell*, failure to train, failure to supervise, gross negligence, deliberate indifference, and unlawful custom, Plaintiff's description of her encounter with Mr. Destor seems entirely relevant. In fact, almost all of Plaintiff's claims against Defendant Tregre are based on the conduct of his employees or individuals alleged to be within the purview of his control.

Although it may be difficult to ascertain how the challenged portions of Plaintiff's petition, when viewed out of context, are relevant to the instant suit against Defendants Dailey and Tregre, other sections of the petitions resolve this issue. Later in Plaintiff's original petition and in her amended petition, the materiality of Plaintiff's interaction with Mr. Destor is more clearly addressed. In those allegations, Plaintiff identifies all of Mr. Destor's actions as actions of

Defendant Tregre.[2] Accordingly, when Plaintiff's complaint is viewed as a whole, there is no concern as to the pertinence of the allegations challenged by Defendants. Moreover, Defendants have failed to indicate sufficiently that they will suffer prejudice from the challenged allegations. Hence, **IT IS ORDERED** that Defendants' Motion with regard to alleged impertinent and immaterial statements is **DENIED.**

### C. Scandalous Statements

The Court may strike from any pleading matters which are scandalous. Fed. R. Civ. P. 12(f). "[S]candalous matter is that which improperly casts a derogatory light on someone, most typically on a party to the action." *Marceaux*, 2012 WL 5197667, at *1. The purpose of striking such matter "is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available." *Id.* (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed. 2015)).

Nevertheless, even if pleadings are scandalous inasmuch as they "offend[] the sensibilities of the objecting party[,]" the

---

[2] *See e.g.*, Rec. Doc. 1-1 at 7, ¶LXVIX ("Defendant Tregre, through Captain Destor, subjected Petitioner to further emotional distress . . . ."); Rec. Doc. 1-1 at 10, ¶X ("Defendant Tregre, through Captain Destor, . . . called Petitioner in under the guise of launching an investigation . . . ."); Rec. Doc. 1-1 at 10, ¶XII ("[T]he tone of Defendant Tregre, through Captain Destor, changed completely . . . .").

12

Fifth Circuit has held that challenged allegations should not be stricken if they "are directly relevant to the controversy at issue and are minimally supported in the record." *U.S. v. Coney*, 689 F.3d 365, 380 (5th Cir. 2012) (citing *In re Gitto Global Corp.*, 422 F.3d 1, 12 (1st Cir. 2005)). Correspondingly, the Court is given considerable discretion in deciding a motion to strike. *Id.* at 379 (citing *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007)). Defendants have argued that there are three "categories" of scandalous allegations in Plaintiff's petitions – inflammatory speech, reference to other cases allegedly involving Defendant Dailey, and reference to other cases of misconduct allegedly known by Defendant Tregre. This analysis will address each of these allegations in part.

First, Defendants argue that twelve paragraphs of the petitions should be stricken for Plaintiff's use of inflammatory language. Defendants make mention of Plaintiff's use of the words "threatening and intimidating" seven times, Plaintiff's statement that Defendant Dailey's "conduct was of a criminal nature and constituted an aggravated assault with a weapon[,]" and Plaintiff's description of herself as "shell-shocked" with "traumatic injuries[.]" (Rec. Doc. 4 at 5-6). These statements, though possibly embellishments, are "directly relevant" to Plaintiff's causes of action based on intentional infliction of

emotional distress and the Constitution and are "minimally supported in the record." *See id.* at 380 (citing *In re Gitto Global*, 422 F.3d at 12). Additionally, the alleged inflammatory statements made by Plaintiff are not nearly as extreme as those historically held to be inflammatory by this Court and others.[3] For this reason, they should not be stricken.

Second, Defendants argue that Plaintiff's mention of other cases in which Defendant Dailey has been involved should be stricken on the grounds that they are irrelevant and unsupported. However, Defendants concede that Plaintiff cites such cases in an attempt to show that Defendant Dailey "has a known history of utilizing threatening and intimidating tactics." (Rec. Doc. 4 at 6). Because Plaintiff's case against Defendant Dailey is largely based on a "he said, she said" situation where credibility will undoubtedly play a role, this Court does not agree that the cases mentioned by Plaintiff are irrelevant.

Defendants also argue that such allegations concerning Defendant Dailey are "completely false and unsupported." (Rec. Doc. 4 at 6). Such an assertion revolves around the argument that Plaintiff's allegations are not true. As previously stated,

---

[3] See, e.g., *Sadler*, 1997 WL 266735, at *1 (striking reference to "Ku Klux Klan"); *Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 618 (1st Cir. 1998) (striking terms "concentration camp," "brainwash," and "torture," and comparison of defendants to "Chinese communists in Korea"); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 (C.D. Cal. 1996) (striking term "slave sweatshop").

14

"[a] disputed question of fact cannot be decided on motion to strike." *Augustus*, 306 F.2d at 868. As such, it is inappropriate for the Court to strike such allegations at this time, as doing so would necessarily require the Court to weigh the merits of the claims.

Third, Defendants argue that Plaintiff's mention of other cases of misconduct allegedly known by Defendant Tregre should be stricken. Defendants state that these cases are irrelevant as they have nothing to do with traffic stops. To the contrary, as explained previously, Plaintiff's allegations are directly relevant to her claims under *Monell*, failure to train, failure to supervise, gross negligence, deliberate indifference, and unlawful custom. Since Plaintiff's claims against Defendant Tregre are based on the conduct of his employees or individuals alleged to be within the purview of his control, his knowledge and management of other incidents is material to Plaintiff's case.

Additionally, as stated above, the Court is not permitted to weigh the merits of these claims. Thus, to the extent that Plaintiff's claims are false, or "gossip" as asserted by Defendants, they will have to be resolved at a stage in the proceeding when the assessment of disputed questions of fact is appropriate – not in a motion to strike. Consequently, **IT IS**

**ORDERED** that Defendants' Motion with regard to alleged scandalous statements is **DENIED.**

## VII. CONCLUSION

In light of the above, Defendants have failed to prove that Plaintiff's allegations are redundant, immaterial, impertinent, or scandalous, insomuch as Defendants have not shown that the allegations are irrelevant to Plaintiff's claims or unjustly prejudicial. It is therefore inappropriate for the Court to strike such allegations. Accordingly,

**IT IS ORDERED THAT** Defendants' Motion (Rec. Doc. 4) is **DENIED.**

New Orleans, Louisiana, this 19th day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE