UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

**ENJOLI STIPE**                                          **CIVIL ACTION**

**VERSUS**                                                **NO. 15-2515**

**MICHAEL TREGRE, ET AL.**                               **SECTION "B"(2)**

                            <u>ORDER AND REASONS</u>

  Before the Court is Defendants', Sheriff Michael Tregre ("Tregre") and Deputy Steven Dailey ("Dailey"), "Motion for Summary Judgment" (Rec. Doc. 34), seeking dismissal of all claims against them and an award of attorney's fees and costs, including expert fees. Also before the Court is Plaintiff's, Enjoli Stipe, "Motion for Injunctive Relief" (Rec. Doc. 32) and "Motion in Limine (Judicial Notice)" (Rec. Doc. 33), Defendants' responsive pleadings thereto (Rec. Docs. 35-36), and Plaintiff's motions for leave to file replies (Rec. Docs. 44, 47). As set forth more fully herein, **IT IS ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED in part** and **DENIED in part** and Plaintiff's remaining motions are **DISMISSED AS MOOT**.

  As to Defendants' Motion for Summary Judgment, Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition with citations of authorities be filed and served no later than eight (8) days before the noticed submission date. The instant motion was noticed for submission on April 27, 2016. As such, any opposition by Plaintiff was due **on or before April 19,**

**2016**. No memoranda in opposition to the instant motion have been filed. Additionally, no motions to continue the submission date have been filed, nor have any motions for extension of time to oppose the motion. Thus, the motion is deemed to be unopposed. It further appears to this Court that the motion has merit, subject to one caveat as will be noted. First, although there are many noted factual disputes in the record, there are no genuine issues of material fact as to the elements necessary for Plaintiff's claims to prevail. Accepting Defendants' "Statement of Undisputed Material Facts" (Rec. Doc. 34-1) as true in the absence of any objection on behalf of Plaintiff, Plaintiff's various claims must be dismissed.

Specifically, Plaintiff cannot prevail on her claim for intentional infliction of emotional distress under Louisiana state law as to either Defendant, as she has not shown "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991). Additionally, Plaintiff's federal law claims under 42 U.S.C. § 1983 against Defendants in their individual capacity must fail as Plaintiff has not shown that the conduct was objectively unreasonable in light

2

of clearly established law at the time the challenged conduct occurred, so as to deprive Defendants of qualified immunity. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). Finally, Plaintiff's claim against Defendant Tregre in his official capacity cannot succeed as she has not shown that there exists "an official policy promulgated by the municipality's policymaker" or that such a policy "was the moving force behind, or actual cause of," her alleged injury. *James v. Harris Cty.*, 577 F.3d 612, 617 (5th Cir. 2009). As such, all of Plaintiff's claims must be dismissed.

Defendants have not provided justification for this Court to award fees and costs pursuant to 42 U.S.C. § 1988(b)-(c). Particularly, though 42 U.S.C. § 1988(b) allows for the Court, in its discretion, to award attorney's fees to a prevailing party in a 42 U.S.C. § 1983 suit, "prevailing defendants are entitled to attorney fees *only* when a plaintiff's underlying claim is frivolous, unreasonable, or groundless." *United States v. State of Miss.*, 921 F.2d 604, 609 (5th Cir. 1991) (emphasis in original). Defendants have provided no support for this Court to hold that Plaintiff's underlying claims were any of these, other than by demonstrating that Plaintiff cannot prevail. Plaintiff's ultimate defeat is immaterial, as "[w]e review frivolity by asking whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful." *Id.* In the

absence of any support, this Court declines to award attorney's fees pursuant to 42 U.S.C. § 1988(b). Additionally, Defendants are not entitled to expert fees under 42 U.S.C. § 1988(c), as it is inapplicable to actions under 42 U.S.C. § 1983.

Having concluded that Plaintiff's claims must be dismissed, there is no need for this Court to review Plaintiff's aforementioned motions which were likewise noticed for submission on April 27, 2016, nor her corresponding motions for leave to file replies to Defendants' timely oppositions. These motions are now moot. Additionally, Plaintiff's claims against the remaining Defendant, Princeton Excess and Surplus Lines Insurance Company ("Princeton"), must be dismissed as success on such claims necessitated success on Plaintiff's claims against Defendants Tregre and Dailey. Accordingly,

**IT IS ORDERED** that:

(1) Defendants' "Motion for Summary Judgment" (Rec. Doc. 34) is **GRANTED in part**, insofar as Plaintiff's claims against Defendants Tregre and Dailey in the above-captioned action are hereby **DISMISSED with prejudice**;

(2) Defendants' "Motion for Summary Judgment" (Rec. Doc. 34) is **DENIED in part**, to the extent that Defendants are not entitled to fees and costs pursuant to 42 U.S.C. § 1988(b)-(c);

(3) Plaintiff's "Motion for Injunctive Relief" (Rec. Doc. 32) and "Motion in Limine (Judicial Notice)" (Rec. Doc. 33), as

well as her corresponding motions for leave to file replies (Rec. Docs. 44, 47) are **DISMISSED AS MOOT**; and

(4) All remaining claims against Defendant Princeton are likewise **DISMISSED with prejudice**, as success on such claims necessitated success on Plaintiff's claims against Defendants Tregre and Dailey.

A motion for reconsideration of this order based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within thirty (30) days of the filing of this Order. The motion must be accompanied by opposition memoranda to the original motion. Because such a motion would not have been necessary had timely opposition memoranda been filed, the costs incurred in connection with the motion, including attorney's fees, will be assessed against the party moving for reconsideration. *See* Fed. R. Civ. P. 16, 83. A statement of costs conforming to Local Rule 54.3 shall be submitted by all parties desiring to be awarded costs and attorney's fees no later than eight (8) days prior to the noticed submission date of the motion for reconsideration.

New Orleans, Louisiana, this 28th day of April, 2016.

_____
UNITED STATES DISTRICT JUDGE

5