UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ENJOLI STIPE**                                              **CIVIL ACTION**

**VERSUS**                                                    **NO. 15-2515**

**MICHAEL TREGRE, ET AL.**                                    **SECTION "B"(2)**

ORDER AND REASONS

I.   NATURE OF MOTION AND RELIEF SOUGHT

Before the Court is Plaintiff's, Enjoli Stipe, "Motion for Reconsideration" (Rec. Doc. 57); Defendants', Sheriff Michael Tregre and Deputy Steven Dailey, opposition and Bill of Costs (Rec. Doc. 60); and Plaintiff's reply. Plaintiff seeks reconsideration of this Court's April 29, 2016 Order and Reasons granting Defendants' Motion for Summary Judgment (Rec. Doc. 55). For the reasons stated herein, **IT IS ORDERED** that Plaintiff's Motion is **DENIED**.

II.  FACTS AND PROCEDURAL HISTORY

Plaintiff filed the instant suit in the 40th Judicial District Court for the Parish of St. John the Baptist on June 3, 2015, alleging in her original petition a cause of action against Defendant Dailey based on intentional infliction of emotional distress under La. Civ. Code art. 2315 (Rec. Doc. 1-1 at 6) and causes of action against Defendant Tregre based on failure to conduct a fair and impartial trial and vicarious liability for the intentional infliction of emotional distress pursuant to La. Civ.

1

Code art. 2320. (Rec. Doc. 1-1 at 7). Plaintiff then filed an amended petition, alleging causes of action against Defendant Dailey personally based on the First, Fourth, and Fourteenth Amendments (Rec. Doc. 1-1 at 9) and against Defendant Tregre both personally and officially based on *Monell*, failure to train and supervise, gross negligence, deliberate indifference, and unlawful custom. (Rec. Doc. 1-1 at 10). Defendants filed a notice of removal on July 9, 2015, invoking this Court's federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (Rec. Doc. 1).[1]

On April 11, 2016, Defendants filed their Motion for Summary Judgment, arguing that they should be afforded qualified immunity as to claims against them individually, that Plaintiff could not prevail on her state law tort claims for intentional infliction of emotional distress, and that Plaintiff did not show the existence of an official policy so as to justify claims against Defendant Tregre in his official capacity. (*See* Rec. Doc. 34). Defendants noticed their motion for submission on April 27, 2016 (Rec. Doc. 34-12 at 1), such that an opposition was due no later than April 19, 2016. (Rec. Doc. 55 at 1) (citing L.R. 7.5). Plaintiff failed to oppose Defendants' motion prior to this Court entering its Order and Reasons granting Defendants' motion on April 29, 2016. (Rec. Doc. 55). The Court likewise dismissed with prejudice all claims

---

[1] A more detailed record of the factual circumstances giving rise to the instant suit are detailed in this Court's August 19, 2015 Order and Reasons, denying Defendants' Motion to Strike. (See Rec. Doc. 8 at 1-3).

against Defendants Dailey and Tregre as well as against the remaining Defendant, Princeton Excess and Surplus Lines Insurance Company, as success on this claim necessitated success on Plaintiff's claims against Defendants Dailey and Tregre. (Rec. Doc. 55 at 4-5). Thereafter, the Court dismissed all pending motions as moot and cancelled the scheduled pre-trial conference and trial. (Rec. Doc. 55 at 4-5; Rec. Doc. 56 at 1; Rec. Doc. 58 at 1). Plaintiff timely filed the instant motion for reconsideration on May 1, 2016. (Rec. Doc. 57). In conjunction with Defendants' opposition, Defendants have provided a Bill of Costs. (Rec. Doc. 60-8 at 1).

### III. ANALYSIS

#### A. Standard for Reconsideration

When a party moves to vacate or reconsider an order, courts apply either Rule 59(e) or Rule 60(b). Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Because Plaintiff's Motion for Reconsideration employs Rule 59(e), that rule will be employed. Additionally, Plaintiff's motion was filed within twenty-eight days, further persuading this Court that application of that rule is appropriate here.

Although Rule 59(e) does not specify grounds for altering or amending a judgment, courts recognize that it "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or

3

fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Such a motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Id.* In order for a party to prevail on a Rule 59(e) motion, it must satisfy one of the following: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law." *Flynn v. Terrebonne Parish Sch. Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004) (citations omitted).

   **B. Plaintiff's Motion for Reconsideration**

   In her motion, Plaintiff does not expressly point to any of the aforementioned grounds for relief pursuant to Rule 59(e). Nonetheless, this Court will, in the interest of justice, assess each of Plaintiff's arguments chronologically.

   1. **Obligation to Submit Competent Evidence in Support of their Motion for Summary Judgment**

   Plaintiff's first argument seems to rely on her allegation that Defendants did not discharge their initial burden of showing

4

that there was no genuine issue of material fact, so as to justify judgment as a matter of law, because the evidence and information in support of Defendants' motion was "incompetent." (Rec. Doc. 57-1 at 5). Plaintiff asserts that counsel's failure to timely file an opposition memorandum does not relieve Defendants of their obligation to submit competent, not misleading, evidence. (Rec. Doc. 57-1 at 5). Plaintiff's argument is flawed.

At the outset, Plaintiff is correct in stating that the moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, Plaintiff fails to note that the movant may accomplish this in two ways. First, the movant may show that there is no genuine issue of material fact by pointing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). Alternatively, the movant may "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). This is because, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent

5

summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994).

In such circumstances, "[o]nly when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted." *Id.* (citations omitted). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(2)-(3). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

Plaintiff avers that "Defendants' statement of alleged uncontested material facts in support of their motion for summary judgment is chock-full of false representations and misleading excisions and citations from deposition transcripts, responses to interrogatories and requests for production of documents, and other evidence that would be admissible at trial." (Rec. Doc. 57-1 at 6). Plaintiff thereafter concludes that "[n]umerous facts that Defendants claim are material and undisputed are material and

6

disputed; thus, these facts must be resolved by the factfinder." (Rec. Doc. 57-1 at 6). Unsure of what Plaintiff means by such a conclusion, this Court assumes that Plaintiff means to suggest that Defendants did not discharge their burden as the movants, because their evidence and information is in dispute and allegedly incompetent, such that summary judgment was inappropriate.

As stated in this Court's Order and Reasons, summary judgment was granted because:

> Plaintiff . . . **has not shown** [the requisite elements for intentional infliction of emotional distress under Louisiana state law;] . . . Plaintiff **has not shown** that the conduct was objectively unreasonable in light of clearly established law at the time the challenged conduct occurred, so as to deprive defendants of qualified immunity[;] . . . [and] she **has not shown** that there exists an official policy promulgated by the municipality's policymaker or that such a policy was the moving force behind, or actual cause of, her alleged injury."

(Rec. Doc. 55 at 2-3) (emphasis added) (internal citations and quotation marks omitted). Accordingly, this Court's decision was not based on the evidence or information submitted by Defendants as Plaintiff asserts, but on the absence of evidence. As Plaintiff bears the burden of proof at trial on her claims, she had "the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial" as to her claims. *Lindsey*, 16 F.3d at 618. Plaintiff failed to do so.

7

Further, even if Plaintiff did not bear the burden of proof, her "fail[ure] to properly address another party's assertion of fact" – which includes under Fed. R. 56(c)(1)(B) a party's "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact" – allows this Court to "consider the fact undisputed" and "grant summary judgment if the motion and . . . the facts considered undisputed . . . show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(2)-(3). Additionally, as was already mentioned, Plaintiff does not explain how Rule 59(e) is invoked.

### 2. Alleged Bad Faith of the Defendants

Plaintiff next asserts that the record reflects that Defendants have been habitual bad-faith actors – first, by threatening and intimidating Plaintiff's expert witness, and second, by withholding competent relevant evidence until after both parties filed dispositive motions. (Rec. Doc. 57-1 at 6). The Court addresses each of these allegations in turn.

### a. Alleged Threats and Intimidating Remarks to Plaintiff's Expert

Plaintiff states that, "[s]everal weeks ago, Plaintiff called to the Court's attention that Defendants were interfering with her due process rights, by indirectly threatening the livelihood of Plaintiff's expert witness, Officer Darrell Bradley." (Rec. Doc.

8

57-1 at 6) (citing Rec. Doc. 32). Plaintiff alleges that Defendants prevented Officer Bradley from supplementing his expert witness report, "due to his boss' command that he 'stand down' and not complete anymore work[.]" Again, this Court does not understand what this allegation intends to accomplish.

To the extent Plaintiff suggests she lacked information or discoverable evidence due to conduct of the Defendants, this Court points out that Plaintiff's referenced motion for an injunction – which was purportedly intended to protect Plaintiff's expert witness from alleged threats – was filed in this Court on March 30, 2016. (*See* Rec. Doc. 32). Defendants' Motion for Summary Judgment was filed on April 11, 2016 and set for submission on April 27, 2016, such that Plaintiff's opposition was due on April 19, 2016. (*See* Rec. Doc. 34). Consequently, if there was "previously unavailable evidence[,]" *Flynn*, 348 F. Supp. 2d at 771, Plaintiff was aware of it prior to the filing of Defendants' dispositive motion and certainly prior to entry of this Court's Order and Reasons. Such an alleged absence of evidence, when known to a party, does not excuse counsel from responding to dispositive motions, especially in light of recognized procedural mechanisms. *See, e.g.*, Fed. R. Civ. P. 56(d) (allowing the court to take appropriate action when, in response to a motion for summary judgment, "a nonmovant shows by affidavit or declaration that, for

specified reasons, it cannot present facts essential to justify its opposition").

### b. Withholding of Competent Relevant Evidence

Plaintiff states that, "[o]n April 26, 2016, Plaintiff again put the Court on notice of Defendants' bad-faith conduct, by filing a motion to compel production of taser data that she requested in January 2016." (Rec. Doc. 57-1 at 6). Again, to the extent Plaintiff intends to invoke Rule 59(e) on the basis of "newly discovered or previously unavailable evidence[,]" *Flynn*, 348 F. Supp. 2d at 771, this Court notes that it appears from Plaintiff's motion that she was aware of missing evidence prior to Defendants' filing their motion and as early as January 2016. As stated previously, when a party is cognizant of the fact that it lacks evidence needed to justify its position, it is not excused from its obligation to oppose dispositive motions, but should proceed pursuant to Fed. R. Civ. P. 56(d), which contemplates and provides a remedy for those precise circumstances. However, even assuming the taser data was "newly discovered" or "previously unavailable," it does not justify relief under Rule 59(e).

The Fifth Circuit has held that a Rule 59(e) motion on the basis of new evidence should only be granted when: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence;

10

and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). The Fifth Circuit has supplied an illustrative list of factors to consider when a party seeks to upset a summary judgment by producing additional evidence, including "(1) the reasons for the moving party's default, (2) the importance of the omitted evidence to the moving party's case, (3) whether the evidence was available to the movant before the nonmovant filed the summary judgment motion, and (4) the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." *ICEE Distributors, Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 848 (5th Cir. 2006) (citations and internal quotation marks omitted).

Here, the taser data is not of such a nature that it would change the outcome of Defendants' motion. Rather, the taser data appears to confirm what Defendants already conceded to in their motion – that Defendant Dailey pointed his taser at Plaintiff. Thus, the evidence is cumulative and seemingly unimportant to the Plaintiff's case. Though it was unavailable before Defendants filed their summary judgment motion, Plaintiff has failed to show that it could not be discovered earlier by proper diligence. Finally, Plaintiff's default was not the result of a failure to provide this evidence, but instead the result of counsel's failure to file an opposition due to her own mistake.

11

### 3. Involuntary Dismissal in the Absence of "Contumacious Conduct"

Finally, Plaintiff argues that dismissal is too harsh a sanction in the absence of "contumacious conduct" by Plaintiff and/or Plaintiff's counsel. (Rec. Doc. 57-1 at 7). Plaintiff cites three older Fifth Circuit cases for the theory that a single failure to comply with a local rule would conflict with the established principle that an involuntary dismissal for want of prosecution is only appropriate on a clear record of delay or contumacious conduct. (Rec. Doc. 57-1 at 7) (citing *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980); *Arundar v. DeKalb Cty. Sch. Dist.*, 620 F.2d 493, 495 (5th Cir. 1980); *Blois v. Friday*, 612 F.2d 938 (5th Cir. 1980).[2] Plaintiff's reliance on these cases is misplaced.

Though this Court agrees with the cases cited by Plaintiff, they are differentiable and inapplicable here. Specifically, those cases stand for the proposition that involuntary dismissal should not be automatic and based solely on the failure to adhere to a local rule, particularly by not filing an opposition. Such is not the case here as dismissal was not based only on Plaintiff's failure to oppose Defendants' motion. Instead, dismissal was based on Plaintiff's failure to indicate the existence of a genuine

---

[2] Plaintiff cites to three Fifth Circuit cases, but actually quotes a more recent Fifth Circuit case that was not referenced. *See John v. State of La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985) (citations and internal quotation marks omitted).

issue of material fact, so as to preclude granting Defendants' motion for summary judgment. Though the lack of opposition certainly impacted this failure, at no point in the Court's Order and Reasons does it imply that Defendants' motion was automatically granted without consideration of the relevant summary judgment standards. Further, as Plaintiff concedes, the Fifth Circuit has typically been unwilling to vacate a summary judgment that was properly entered after counsel's failure to timely respond due to improperly recording a deadline. *See, e.g.*, *McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534 (5th Cir. 1992). Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

**C. Standard for Awarding Costs and Attorney's Fees**

The Fifth Circuit uses the lodestar method for determining a reasonable amount of attorney's fees. *Matter of Fender*, 12 F.3d 480, 487 (5th Cir. 1994). Under that method, the reasonable number of hours spent on the case is multiplied by an appropriate hourly rate in the community for such work. *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). The party seeking fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). The court should eliminate those hours that are excessive, duplicative, or too vague to permit

meaningful review. *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 702 (E.D. La. 2009) (citing *La. Power & Light Co.*, 50 F.3d at 326; *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)). Also, "[w]hen using the lodestar method to award attorney fees, courts routinely deduct time spent on unsuccessful, unfounded or unnecessary pleadings, motions, discovery requests and memoranda." *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *11 (E.D. La. June 28, 2005).

Additionally, attorneys should not bill at that same rate for the performance of clerical duties. Even if attorneys are required to complete certain clerical tasks due to a lack of available help, such non-legal work does not justify billing at an attorney's rate simply because it is completed by an attorney. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), *abrogated on other grounds*. Finally, courts in this circuit have also taken to instituting percentage-based reductions in the attorney's hours for engaging in block-billing or for failure to exercise billing judgment. *See Fralick v. Plumbers and Pipefitters Nat. Pension Fund*, No. 09-0752, 2011 WL 487754, at *3-4 (N.D. Tex. Feb. 11, 2011) (reducing attorney's fees under the lodestar method in the context of ERISA). To show billing judgment, a party must adequately document "the hours charged and [those] written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Products Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

After calculating the lodestar amount, "the court may decrease or enhance the amount based on the relative weights of the twelve factors set forth in *Johnson*." *Id.* at 800; *see also Johnson*, 488 F.2d at 717-19 (outlining twelve factors). "[O]f the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Saizan*, 448 F.3d at 800 (quoting *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting." *Id.*

**D. Defendants' Bill of Costs Seeking Attorney's Fees**

Defendants urge the Court to award $3,747.00 in attorney's fees (and fees for clerical staff) based upon twenty-four (24) hours billed at rates ranging between $60 and $225 per hour. Plaintiff contends that the Court should reduce that amount due to items billed in bad faith or, alternatively, an "across-the-board" reduction for excessive time spent, either by reducing the hours or reducing the rate. This Court finds that a downward adjustment is warranted.

Attorneys for Defendants use a rate of $150 and $225 per hour. The rates used here for § 1983 work in the New Orleans community are reasonable. *See, e.g.*, *Big Lots Stores*, 639 F. Supp. 2d at 702

(finding a rate of $225 per hour for associate work customary). That Plaintiff has not opposed the rates sought by Defendants – except in regard to arguing that the time billed is excessive – is further evidence of their reasonableness.

The primary issue is the hours reasonably expended on the litigation. Here, the Court must reduce the number of hours claimed by Defendants' counsel. A review of invoiced services show excessive and unreasonable time spent on questionable and repetitive tasks associated with reviewing, researching, and strategy planning. For example, there were reviews of a motion and order not at issue, as neither pertained to Defendants' response to Plaintiff's instant motion.[3] Another non-exhaustive example of excessive time was in the preparation of a twelve page opposition with exhibits and a Bill of Costs with a lack of billing judgment. It is not clear from Defendants' Bill of Costs that they wrote off any time as unproductive or redundant.[4]

Accordingly, we apply a reduction of 30% for time that was excessive, vague, and the result of a lack of billing judgment.

---

[3] Specifically, Defendants did not need to respond to Plaintiff's opposition to Defendants' Motion for Summary Judgment, as this opposition would only become relevant after granting Plaintiff's Motion for Reconsideration. (*See* Rec. Doc. 60-8 at 2) (including entries for 05/06/16, JB for 0.10 and 05/09/16, JB for 1.00). Additionally, Defendants did not need to review the Court's Order dismissing all pending motions as moot, as it likewise does not pertain to Defendants' response to Plaintiff's instant motion (*See* Rec. Doc. 60-8 at 2) (entry for 05/03/16, JB for .10).

[4] However, Defendants' counsel likewise did not engage in block-billing as counsel did not enter "the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Fralick*, 2011 WL 487754 at *4.

This reduction is in line with reductions that other courts have implemented for somewhat similar reasons. *See, e.g.*, *Bollinger Marine Fabricators, LLC v. Marine Travelift, Inc.*, No. CV-14-1743, 2015 WL 4937839, at *12 (E.D. La. Aug. 18, 2015) (applying a 30% reduction for failure to provide evidence of billing judgment); *Canon U.S.A., Inc. v. S.A.M., Inc.*, No. CV-07-1201, 2009 WL 35334, at *5 (E.D. La. Jan. 6, 2009) (applying a 25% reduction). Therefore, the Court **subtracts $1,124.10** from the requested amount (30% of $3,747.00). Thus, **Defendants should receive $2,622.90** as costs and attorney's fees with respect to Plaintiff's Motion for Reconsideration.

New Orleans, Louisiana, this 5th day of July, 2016.

UNITED STATES DISTRICT JUDGE